# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WANDA H. HYATT,  )
                                                  )
                   Plaintiff,  )
                                                  )
                  v.  )           1:15CV750
                                                  )
CAROLYN W. COLVIN,  )
Acting Commissioner of Social Security,  )
                                                  )
                 Defendant.  )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Wanda H. Hyatt, seeks review of a final decision of the Commissioner of Social Security denying her claims for a Period of Disability, Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 7, 10, 12.) For reasons discussed below, it is recommended that Plaintiff's motion for judgment reversing the Commissioner (Docket Entry 10) be granted, Defendant's motion for judgment on the pleadings (Docket Entry 12) be denied, and that the Commissioner's decision be remanded.

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB in May 2012, alleging a disability onset date of December 25, 2011. (Tr. 234-37.) Plaintiff also applied for SSI in June 2012, alleging an onset of date of December 29, 2009. (Tr. 226-233.)[1] Her applications were denied initially and

---

[1] Transcript citations refer to the sealed administrative record which was filed with Defendant's Answer. (Docket Entry 7.)

upon reconsideration. (Tr. 73-74, 107-08.) Thereafter, Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. 174-75.) Plaintiff, her attorney, and a vocational expert ("VE") appeared at the hearing on April 1, 2014. (Tr. 38-72.) A decision was issued on August 8, 2014, upholding the denial of Plaintiff's application for DIB and SSI. (Tr. 20-37.) On July 15, 2015, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review. (Tr. 1-7.)

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[It] 'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding

2

that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, "[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]'" *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Id.* "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ("RFC") to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The law concerning these five steps is well-established. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 177-180 (4th Cir. 2001); *Hall*, 658 F.2d at 264-65.

3

### III. THE ALJ'S DISCUSSION

The ALJ followed the well-established five-step sequential analysis to ascertain whether Plaintiff is disabled, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). In rendering her disability determination, the ALJ made the following findings later adopted by Defendant:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engage in substantial gainful activity since December 25, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: COPD; emphysema; back pain secondary to bulging disc in the lumbar spine; chronic tobacco abuse; chronic headaches; chronic upper respiratory infections; anxiety-related disorder; and affective disorder (20 CFR 404.1520(c) and 20 CFR 416.920(c)).
   . . . .

4. The claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   . . . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) with exceptions: She must alternate between sitting and standing in thirty-minute intervals throughout the day without going off task. She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can

4

occasionally balance, stoop, or crouch. She must avoid concentrated exposure to extreme cold and heat. She must avoid respiratory irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She must avoid operational control of moving machinery and unprotected heights. She can perform simple and repetitive tasks in a low-stress environment that requires only occasional changes in the work setting, occasional decision-making, no fast production rate. She can interact appropriately with coworkers, supervisors, or the public.

(Tr. 25-26, 28.) In light of the above findings regarding Plaintiff's RFC, the ALJ determined that Plaintiff was unable to perform her past work as a teacher. (Tr. 30.) Based upon Plaintiff's age, education, work experience, and her RFC, the ALJ concluded that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (Tr. 31(citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 32.)

## IV. ANALYSIS

In pertinent part, Plaintiff contends that the ALJ failed to account for Plaintiff's mental limitations in the RFC.[2] (Docket Entry 11 at 12-18.) The court has considered the ALJ's decision as it relates to *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). As explained below, because the ALJ's evaluation of Plaintiff's "moderate limitation" in concentration, persistence or pace is inadequate under *Mascio*, remand is warranted.

---

[2] Plaintiff also contends that the ALJ improperly rejected the opinion of the consultative examiner Dr. Guarino. (Docket Entry 11 at 12-18.) The court declines consideration of the additional issues raised at this time. *Hancock v. Barnhart,* 206 F. Supp. 2d 757, 763-764, n.3 (W.D. Va. 2002) (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

As background, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE, and the corresponding RFC assessment, did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence or pace. *Mascio*, 780 F.3d at 637-38.

The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, the ALJ found at step two that

> [w]ith regard to concentration, persistence, or pace, the claimant has moderate difficulties. Dr. Brannon noted the claimant's anxiety appeared to impair her

6

> concentration and focus. However, the claimant retains sufficient
> concentration to perform unskilled tasks. She prepares microwaved meals,
> washes dishes, does laundry, and mops floors.

(Tr. 27.) The RFC limited Plaintiff to several nonexertional limitations, including:

"perform[ing] simple and repetitive tasks in a low-stress environment that requires only

occasional changes in the work setting, occasional decision-making, and no fast production

rate. She can interact appropriately with coworkers, supervisors, or the public." (Tr. 28.)

(internal citations omitted).

At step four the ALJ gave significant weight to the mental assessment of Dr. Lori

Brandon Souther, the state agency psychological consultant.[3]    (Tr. 30.)    Dr. Souther found

that Plaintiff can perform simple routine repetitive tasks in a low stress setting.    (Tr. 122)

However, Dr. Souther also concluded that Plaintiff is moderately limited in the following

areas related to concentration, persistence or pace:

> [t]he ability to carry out detailed instructions . . . [t]he ability to maintain
> attention and concentration for extended periods . . . [t]he ability to perform
> activities within a schedule, maintain regular attendance, and be punctual
> within customary limits . . . [t]he ability to work in coordination with or in
> proximity to others without being distracted by them . . . [and] [t]he ability to
> complete a normal workday and workweek without interruptions from
> psychologically based symptoms and to perform at a consistent pace without
> an unreasonable number and length of rest periods.

(Tr. 121.)

The ALJ's determination that Dr. Souther's opinion should be accorded significant

weight is problematic because the ALJ failed to address Dr. Souther's conclusion that

---

[3] The ALJ does not reference Dr. Souther by name but cites to her assessment in the administrative record.    (Tr. 30.)

7

Plaintiff had moderate difficulties maintaining attention and concentration. *Compare Greer v. Colvin*, No. 1:14CV00143, 2016 WL 1367745, at *8 (M.D.N.C. Apr. 6, 2016) (unpublished) (finding that giving significant weight to the state agency consultant did not address the ALJ's failure to account for plaintiff's moderate difficulties in concentration, persistence and pace because although "the state agency psychological consultant[] opin[ed] that 'Plaintiff was capable of performing simple tasks,' that same consultant noted that Plaintiff 'may have some difficulty maintaining attention and concentration'") (internal citations omitted) *with Wilkerson v. Colvin*, No. 1:15CV00944, 2016 WL 3264311, at *5 (M.D.N.C. June 14, 2016) (finding the ALJ's reliance on the state agency consultant's determination was sufficient because the consultant concluded "that, despite moderate limitation in [concentration, persistence or pace], Plaintiff could maintain attention concentration for at least two hours at a time as required for the performance of simple tasks") (unpublished) (internal citations and quotations omitted); *O'Brien v. Colvin*, No. 1:15CV00536, 2016 WL 2755459, at *6 (M.D.N.C. May 11, 2016) (finding that "the ALJ sufficiently explained why the mental restrictions in the RFC adequately accounted for Plaintiff's moderate limitation in [concentration, persistence or pace]" by giving significant weight to a psychologist's opinion finding that the plaintiff could sustain adequate concentration, persistence or pace throughout the extended day). While the ALJ explained that Plaintiff can maintain concentration to perform unskilled tasks, such an explanation does not address Plaintiff's inability to maintain attention and concentration for extended periods of time. *See Lowe v. Colvin*, No. 3:15CV230 (JAG), 2016 WL 323838, at *9 (E.D. Va. Jan. 5, 2016), *report and recommendation adopted*, No. 3:15CV230

8

(JAG), 2016 WL 325516 (E.D. Va. Jan. 26, 2016)("Only a limitation on the ability to stay on task accounts for a limitation in concentration, persistence or pace. Restricting the individual to simple tasks or unskilled work does not.") (internal citation omitted). Similarly, limiting Plaintiff to no fast production rate does not account for the ability to stay on task.[4] Thus, the hypothetical question posed to the VE that reflected the erroneous RFC did not account for Plaintiff's inability to stay on tasks.

Moreover, the ALJ does not provide an explanation as to why Plaintiff's difficulties in maintaining attention and concentration do not translate into a limitation in the RFC. "The key is that the reviewing Court must be able to discern the rationale underlying the apparent discrepancy" between the findings at step three and the RFC. *Powell v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-14-3233, 2015 WL 4715280, at *2 (D. Md. Aug. 6, 2015) (unpublished). The ALJ's discussion with regards to concentration, persistence or pace is

---

[4] Since the Fourth Circuit's ruling in *Mascio*, the North Carolina district courts have, on numerous occasions, found that limiting the claimant to non-fast pace production does not account for moderate limitations in a claimant's ability to maintain concentration, persistence or pace. *See, e.g., Cummings v. Colvin*, No. L14CV465, 2016 WL 792433, at *4 (M.D.N.C. Feb. 26, 2016) (finding that limiting the plaintiff to simple, routine, repetitive tasks in a low stress, nonproduction environment did not "adequately account for her moderate limitation in concentration, persistence, or pace "); *Scruggs v. Colvin*, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (finding that an ability to perform simple, routine, repetitive tasks in a nonproduction environment, does not address moderate difficulties in concentration, persistence and pace); *Raynor v. Colvin*, No. 5:14-CV-271-BO, 2015 WL 1548996, at *2 (E.D.N.C. Apr. 7, 2015) (concluding that limiting the claimant to no fast-paced production, did not constitute limitations related to concentration and persistence when in fact the record indicated limitations in the plaintiff's ability to maintain attention and concentration for extended periods of time); *Hagerdorn v. Colvin*, No. 2:12-cv-29-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting, defined as occasional change in job setting or decision making, only accounted for claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, and did not address his moderate limitations in concentration).

9

limited. As noted above, the ALJ reasoned that that "[Plaintiff's] anxiety appeared to impair her concentration and focus," notwithstanding her ability to "retain[] sufficient concentration to perform unskilled tasks." (Tr. 27.) The ALJ also gave partial weight to the opinion of Dr. Brannon who opined that Plaintiff could "understand, retain, and carry out simple instructions but . . . her psychological symptoms impaired her concentration." (Tr. 30.) However, these statements only address the complexity of work Plaintiff is able to do rather than her inability to stay on task. *Mascio*, 780 F.3d at 638.

The ALJ's only statement that arguably concerns Plaintiff's ability to stay on task is the ALJ's acknowledgment that Plaintiff's lack of concentration causes problems such as remembering why she entered the kitchen. (Tr. 28.) This statement only reinforces the opinions of both state agency psychologists who found that Plaintiff had difficulty maintaining attention and concentration for extended periods of time. *Greer*, 2016 WL 1367745, at *8; *Boyet, v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV762, 2016 WL 614708, at *6 (M.D.N.C. Feb. 16, 2016) (concluding that "without further explanation, the ALJ's crediting of the state agency consultants' opinions does not provide a logical bridge, between the ALJ's conclusion that Plaintiff suffered moderate concentration deficits and the ALJ's decision that Plaintiff could perform simple tasks in the work place, without any further concentration-related restriction") (unpublished) (citations and quotations omitted); *see also Lowe*, 2016 WL 323838, at *9; *Garcia v. Colvin*, No. 5:14-CV-00842-FL, 2016 WL 319860, at *4 (E.D.N.C. Jan. 4, 2016) *report and recommendation adopted*, No. 5:14-CV-842-FL, 2016 WL 311280 (E.D.N.C. Jan. 25, 2016) (concluding that although the ALJ found that the claimant

had moderate difficulties in concentration, persistence or pace he did not account for the limitation in the RFC, and he failed to explain how the RFC determination reflected the claimant's limitations in concentration, persistence or pace, or why moderate limitations in concentration, persistence or pace did not impact the claimant's ability to work).

Equally concerning is the ALJ's failure to weigh the other state agency psychological consultant's mental assessments. Dr. Betty B. Aldridge found that Plaintiff had moderate difficulties in concentration, persistence or pace but still had the ability to carry out very short and simple instructions. (Tr. 86, 102.) Dr. Aldridge also concluded that Plaintiff "would have some difficulty maintaining attention and concentration, but should be able to [concentrate] for 2 hours." (Tr. 86, 102.) Unlike Dr. Aldridge's opinion, Dr. Souther does not attempt to account for the length of time Plaintiff can maintain concentration and attention. The ALJ did not err by giving substantial weight to Dr. Souther's opinion, but the ALJ was still obligated to address Plaintiff's inability to concentrate for an extended period of time. *Mascio v. Colvin*, 780 F.3d at 638. The court is left to guess whether the ALJ meant to credit Dr. Aldridge's assessment as opposed to Dr. Souther's assessment. The ALJ's decision clearly indicates that she cited to Dr. Souther's opinion notwithstanding the fact that Dr. Aldridge attempted to address Plaintiff's inability to concentrate for extended periods of time. (Tr. 30.)

In any event, it is clear that at least one of the psychologists' assessments was not weighed. Consequently, the court concludes that remand is proper so that the ALJ may build a logical bridge between the evidence of record and her conclusions. *Mascio*, 780 F.3d

at 638 ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity . . . [b]ut because the ALJ here gave no explanation, a remand is in order.")

In sum, "once an ALJ has made a step three finding that a claimant suffers from moderate limitations in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Pulliam*, 2016 WL 843307, at *6 (citation omitted). In the present case, the ALJ did not adequately do so. On remand, the Commissioner should conduct a proper analysis of Plaintiff's limitations in concentration, persistence or pace in light of the principles articulated in *Mascio*. The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock*, 206 F. Supp. 2d at 763-764 n.3 (on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*).

## V. CONCLUSION

For the reasons stated herein, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED,** and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative action as set out above. To this extent, Defendant's motion for judgment on the pleadings (Docket Entry 12) should

12

be **DENIED** and Plaintiff's motion for judgment reversing the Commissioner (Docket Entry 10) should be **GRANTED.** To the extent that Plaintiff's motion seeks an immediate award of benefits, her motion should be **DENIED.**

_____
Joe L. Webster
United States Magistrate Judge

August 29, 2016
Durham, North Carolina